THE ALVENA, etc.

(*District Court, S. D. New York.* December 30, 1884.)

SEAMEN'S WAGES—FORFEITURE—IMPROPER LANGUAGE—INSUBORDINATION—ARREST—DISCIPLINE—DESERTION, WHEN JUSTIFIABLE.

Where the second mate reported a seaman for disobedience to the captain, at the same time telling the captain that if the seaman was not discharged he would leave the ship, and the captain thereupon ordered the mate to go to his room, and consider himself under arrest for mutinous language, *held,* that the master's order was not cruel or oppressive treatment, but legitimate and proper correction mildly administered, and that the second mate, in afterwards deserting the ship, left without justifiable cause, and that his wages were forfeited.

In Admiralty,

*Hyland & Zabriskie,* for libelant.

*McDaniel, Wheeler & Souther,* for claimant.

BROWN, J. The libelant shipped as second officer on board the Alvena. In the course of the voyage, while at Port Antonio, he reported to the captain the fact of the disobedience of the mate's orders by one of the seamen. The second officer has authority to give orders to sailors, and it is expected that sailors shall obey them. When reporting the disobedience, the mate told the captain that if the seaman was not discharged he would not remain on the ship. The captain replied that that was mutinous language, and directed the mate to go to his room and consider himself under arrest. The mate, not long after, left the ship without the permission or knowledge of the master, taking his effects with him, and intending not to return; and the ship continued her voyage without him. The mate's language was clearly that of insubordination. It was the business of the captain to investigate the charge of disobedience, and to determine the matter according to his own judgment. The mate's language was, in effect, dictation to the captain what his decision must be, or that he (the mate) would otherwise leave the ship. This was plainly derogatory to the master's authority, and incompatible with proper subordination and discipline. The master's reply, and his direction that the mate go to his room and consider himself under arrest, were legitimate and appropriate rebuke, and correction mildly administered. The intelligence of the mate leaves him no excuse for his improper assumption to dictate to the master, through a threat of desertion if his wishes were not observed.

In behalf of the libelant it is urged that leaving the ship for justifiable cause is not such desertion as incurs a forfeiture of wages; and that cruel and oppressive treatment on the part of the master is justifiable cause for leaving. *Sherwood* v. *McIntosh,* 1 Ware, 109, 119; *The America,* Blatchf. & H. 185; 2 Pars. Shipp. & Adm. 98. It is urged that the captain's ordering the second mate to go to his room and to consider himself under arrest for such a cause, upon his reporting a seaman's disobedience, was cruel and oppressive treatment, within the principle above cited. But that principle is inapplicable here. When the seaman is held justified in leaving the ship, it is because the master is guilty of a gross abuse of his powers, and of a violation of the implied terms of his contract with the seaman, which are equivalent to a discharge. The cases in which this rule is applied are cases only where the personal safety of the seaman is in some degree threatened, or cases that involve such gross degradation as is clearly beyond the legitimate exercise of the master's authority. They do not apply to that mere wounding of self-love, and to that humiliation of a sensitive spirit, which are more or less involved in all disciplinary punishments, whether light or severe. The very efficacy of such punishment depends chiefly upon these moral and personal sensibilities.

In this case I see nothing in the captain's conduct beyond the bounds of legitimate and appropriate correction. It is not denied that the mate's leaving the ship subsequently was with the intention not to return. His cause for leaving was not a justifiable one, and the unpaid portion of his salary must be, therefore, held forfeited. Libel dismissed, with costs.